Electronically Filed - St Louis County - August 01, 2022 - 10:16 AM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY CIRCUIT CLERK

| | |
|---|---|
| RODNEY FOSTER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAIA LOGISTICS SERVICES, LLC )<br>)<br>Serve at: )<br>)<br>C T CORPORATION SYSTEM )<br>120 South Central Ave )<br>Clayton, MO 63105 )<br>)<br>Defendant. ) | Case No. _____<br><br>Division: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PARTIES & VENUE

1. Plaintiff Rodney Foster resides in St. Louis County, Missouri.

2. Defendant Saia Logistics Services, LLC (hereinafter "Saia") is a Georgia-based limited liability company registered to do business in St. Louis County, Missouri.

3. Venue is proper in St. Louis County per Mo. Rev. Stat. § 508.010(4) because Plaintiff was first injured by the negligent conduct of Defendant in St. Louis County.

## GENERAL ALLEGATIONS

4. Plaintiff Foster was working as a truck driver for Defendant Saia.

5. Plaintiff had been dealing with neck and shoulder injuries, which was first caused by a motor vehicle collision back in 2015. His injuries were later worsened when he was involved in another motor vehicle collision in 2019. While Plaintiff had been seeking medical treatment for these injuries, the normal wear and tear due to aging had been putting a strain in his work performance as a truck driver.

1

6. On December 14, 2021, Plaintiff filed a FMLA application to Defendant Saia.

7. On or around January 19, 2022, Plaintiff submitted his requests for accommodations along with the medical questionnaire signed by his doctor, Nathan Olafsen, MD.

8. A few days after, Plaintiff received a phone call from Ron Ryan and Charles Moore, the director of human resources at Saia, Inc. to inquire into his FMLA paperwork. They indicated to Plaintiff that his symptoms and his history of medical conditions were not provided on his DoT physical examination in 2020.

9. Plaintiff was informed by Mr. Moore that if he were to have a physical examination conducted, he may not be able to pass it, thus not being able to medically fit to drive as a truck driver. Moore admits that his assumption not based upon medical expertise.

10. On January 27, 2022, Plaintiff was terminated by SAIA for being medically unfit to drive.

**COUNT I: RETALIATION FOR ASSERTING RIGHTS UNDER FAMILY MEDICAL LEAVE ACT**

COMES NOW Plaintiff Foster, and for their claims of negligence against Defendant Saia states as follows:

11. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

12. A plaintiff claiming FMLA retaliation must first establish that:

    a. he availed herself of a protected right under the FMLA;

    b. he suffered an adverse employment action; and

    c. there is a causal connection, i.e., that the employer took the adverse action

2

    because the employee exercised her rights.

13. If the plaintiff meets this requirement the employer must then articulate a legitimate, non-discriminatory reason for the adverse action.

14. If the employer successfully articulates a reason, the plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision.

15. Plaintiff suffered an adverse action of termination from Saia, because:

    a. Plaintiff filed FMLA paperwork;

    b. Defendant called Plaintiff to question Plaintiff about the FMLA paperwork that he filed;

    c. Defendant failed to provide Plaintiff with an opportunity to conduct another physical examination; and

    d. Defendant failed to provide the reasonable or similar accommodations that Plaintiff requested.

16. As a direct and proximate result of Defendant's retaliation towards Plaintiff's availing himself of his FMLA rights, Plaintiff has been damaged because he lost the wages he was earning with Defendant and any accompanying benefits at the time of his discharge through the future minus any subsequent employment he might have obtained.

    WHEREFORE, Plaintiff Foster prays for judgement in his favor, and for damages in an amount to be determined at trial by jury in excess of $25,000.000, for costs of this action and for any other relief as may be just and proper.

OTT LAW FIRM

/s/ Joe Ott
_____
Joseph A. Ott, #67889
Mark E. Blankenship Jr., #73123
3544 Oxford Blvd.
Maplewood, MO 63143
(314) 675-1882
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

4